UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RAFAEL F.,

                Plaintiff,

    -against-                              22-CV-2021 (OTW)

                                          **ORDER**

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

On October 10, 2022, the parties stipulated to an order remanding this case to the Commissioner of Social Security (the "Commissioner") for further proceedings pursuant to 42 U.S.C. § 405(g). (ECF 17). On March 11, 2024, Plaintiff moved for attorney's fees, pursuant to 42 U.S.C. § 406(b), in the amount of $40,385.40, representing 25% of the past due benefits award to Plaintiff. On March 21, 2024, Commissioner filed a letter advising the Court that the Commissioner did not object to Plaintiff's motion. (ECF 24). On March 11, 2025, the parties consented to magistrate judge jurisdiction to resolve this motion. (ECF 27). Upon consideration of Plaintiff's motion and accompanying submissions, and the Commissioner's response thereto, Plaintiff's motion for attorneys' fees is **GRANTED**.

The Court has considered the following five factors to determine the requested fee is reasonable: (1) the ability and expertise of the attorney(s); (2) the nature and length of the relationship counsel had with the claimant; (3) the claimant's satisfaction with the services provided by counsel; and (4) the uncertainty of an award of benefits. *Fields v. Kijakazi*, 24 F.4th 845, 854-856 (2d Cir. 2022). The requested fees represent 25% of the retroactive benefits

awarded to Plaintiff. Plaintiff's counsel supports the instant application with contemporaneous billing records that show 69 billable hours of work in conjunction with this matter, equating to $585.30 per hour, a reasonable rate for an attorney practicing in New York City.  (ECF 23-1 Ex. B). Defendants' do not object to the fee amount or point to any obvious inconsistency or inefficiency in Plaintiff's counsel's records. (ECF 24). The requested fee clearly does not represent an unreasonable windfall to Plaintiff's counsel and is commensurate with their retainer contract. (ECF 23-1 Ex. A).

Accordingly, Plaintiff's counsel is awarded a total of forty-thousand three-hundred and eighty-five dollars and forty cents ($40,385.40) in attorney's fees pursuant to 42 U.S.C. § 406(b). This award must be reduced by sixteen-thousand three-hundred and seventeen dollars and sixty-four cents ($16,317.64) already paid to Plaintiff's counsel as Equal Access to Justice Act fees. (ECF 23 at 6). In sum, counsel for Plaintiff is entitled to a remaining award of **$24,067.76** in full satisfaction of all claims for attorney's fees in connection with this action.

In accordance with Defendant's policy and at Defendant's request, this Order is an award of fees only and not an order that the Commissioner shall pay Plaintiff or Plaintiff's counsel the above amount. Fees may be paid to Plaintiff's counsel so long as Plaintiff has so agreed in writing, and Plaintiff owes no debt to the federal government that is subject to offset.

The Clerk of Court is respectfully directed to close ECF 21.

**SO ORDERED.**

Dated: September 9, 2025               */s/ Ona T. Wang*
      New York, New York               **Ona T. Wang**
                                                  United States Magistrate Judge